### CARPENTER & DICKS VS. WILMER H. SHIELDS.

GUNBY, J. Where two parties sue out crop injunction against each other, and each swears that he is in possession of the property in dispute, and enjoins the other from transacting the business of a keeper of a public landing at a certain point, and from trespassing upon the premises, neither party will be permitted to release the other's injunction on bond. Possession of real estate can neither be defeated nor acquired by a writ of injunction. Both injunctions must be maintained and respected until the true rights of the parties can be determined.

### MRS. B. GAITHER VS. NAT. JOHNSON. BLOCK & LEMLE, INTERVENORS.

CLINTON, J. Where property is seized in the possession of the debtor, the presumption of law is that it belongs to him, and if a third person intervenes, claiming to be the owner of the property, plaintiff may, under the general issue, introduce evidence to show that the sale to intervenors was a simulation. 4 M. 622; 16 L. 380.

2. Though there be an actual sale intended by the parties, and actual or constructive delivery made; yet, if the property remains in possession of the vendor, not under a *precarious title*, but by *precarious possession*, it is subject to be seized for his debts.